UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Latecia Stauch f/k/a Latecia Hardin Hunt, | ) Case No.: 4:16-cv-01228-RBH-TER |
| Plaintiff, | ) |
| vs. | ) **ANSWER** |
| Horry County School District, | ) |
| Defendant. | ) |

The Defendant Horry County School District ("School District"), by and through its undersigned counsel, denies each and every allegation of Plaintiff's Complaint not hereinafter admitted, qualified or explained, and for its Answer alleges and would show as follows:

**FOR A FIRST DEFENSE**

1. Paragraph 1 of Plaintiff's Complaint states legal conclusions to which a response is neither necessary nor required.

2. Paragraph 2 of Plaintiff's Complaint states legal conclusions to which a response is neither necessary nor required. To the extent a response is necessary or required, the School District craves reference to §706 of Title VII, 42 U.S.C. §2000e-5 and denies all allegations of paragraph 2 inconsistent therewith.

3. School district lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiff's Complaint.

4. The allegations of paragraph 4 of Plaintiff's Complaint are denied.

5. The allegations of paragraph 5 of Plaintiff's Complaint are admitted.

6. In response to paragraph 6 of Plaintiff's Complaint, School District craves reference to §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and denies any allegation of paragraph 6 inconsistent therewith.

7. In response to paragraph 7 of Plaintiff's Complaint, School District craves reference to the Civil Rights Act of 1964, 42 U.S.C. §2000e and denies any allegation of paragraph 7 inconsistent therewith.

8. In response to paragraph 8 of Plaintiff's Complaint, School District craves reference to the Civil Rights Act of 1964, 42 U.S.C. §2000e and denies any allegation of paragraph 8 inconsistent therewith.

9. Paragraph 9 of Plaintiff's Complaint states legal conclusions to which a response is neither necessary nor required. To the extent a response is necessary is required, all allegations of paragraph 9 are denied.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant craves reference to Plaintiff's personnel records and denies any allegation of paragraph 10 inconsistent therewith.

11. The allegations of paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations of paragraph 12 of Plaintiff's Complaint are denied.

13. In response to paragraph 13 of Plaintiff's Complaint, School District craves reference to the July 22, 2012 texts between Plaintiff and Mr. Mayer and denies any allegation of paragraph 13 inconsistent therewith.

14. In response to paragraph 14 of Plaintiff's Complaint, School District craves reference to the July 27, 2012 texts between Plaintiff and Mr. Mayer and denies any allegation of paragraph 14 inconsistent therewith.

15. In response to paragraph 15 of Plaintiff's Complaint, School District craves reference to the July 27, 2012 texts between Plaintiff and Mr. Mayer and denies any allegation of paragraph 15 inconsistent therewith.

16. In response to paragraph 16 of Plaintiff's Complaint, School District craves reference to the July 28, 2012 texts between Plaintiff and Mr. Mayer and denies any allegation of paragraph 16 inconsistent therewith.

17. School district lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiff's Complaint.

18. In response to paragraph 18 of Plaintiff's Complaint, School District craves reference to the November 22, 2012 message from Mr. Mayer and denies any allegation of paragraph 18 inconsistent therewith.

19. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiff's Complaint.

20. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiff's Complaint.

21. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Plaintiff's Complaint.

22. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 of Plaintiff's Complaint.

23. In response to paragraph 23 of Plaintiff's Complaint, School District admits that Plaintiff complained and gave a statement. All remaining allegations of paragraph 23 are denied.

24. The allegations of paragraph 24 of Plaintiff's Complaint are denied.

25. School District admits only so much of paragraph 25 of Plaintiff's Complaint as alleges that it informed Plaintiff that she was assigned to Conway High School for the upcoming school year. All remaining allegations of paragraph 25 are denied.

26. In response to paragraph 26 of Plaintiff's Complaint, School District craves reference to Plaintiff's June 24, 2013 email and denies any allegation of paragraph 26 inconsistent therewith. By way of further response, Defendant lacks knowledge and information sufficient to form a belief as to whether Plaintiff received a response from Dr. Swinney.

27. The allegations of paragraph 27 of Plaintiff's Complaint are denied.

28. In response to paragraph 28 of Plaintiff's Complaint, School District craves reference to Plaintiff's October 29, 2013 email and denies any allegation of paragraph 28 inconsistent therewith.

29. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 29 of Plaintiff's Complaint.

30. In response to paragraph 30 of Plaintiff's Complaint, School District craves reference to the letter received by Plaintiff and any emails with the Defendant and denies any allegation of paragraph 30 inconsistent therewith.

31. In response to paragraph 31 of Plaintiff's Complaint, School District craves reference to Plaintiff's March 25, 2014 email and denies any allegation of paragraph 31 inconsistent therewith. By way of further response, Defendant denies Plaintiff's allegation that she did not receive a response.

32. In response to paragraph 32 of Plaintiff's Complaint, School District craves reference to the April 10, 2014 letter from Dr. Swinney and denies any allegation of paragraph 32 inconsistent therewith.

33. In response to paragraph 33 of Plaintiff's Complaint, School District craves reference to the April 11, 2014 letter and denies any allegation of paragraph 33 inconsistent therewith.

34. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 of Plaintiff's Complaint.

35. In response to paragraph 35 of Plaintiff's Complaint, School District craves reference to the June 1, 2014 letter and denies any allegation of paragraph 35 inconsistent therewith.

36. School District admits only so much of paragraph 36 of Plaintiff's Complaint as alleges that Plaintiff taught during the 2014-2015 school year and Plaintiff's benefits were restored. All remaining allegations of paragraph 36 are denied.

37. School District lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiff's Complaint.

38. In response to paragraph 38 of Plaintiff's Complaint, School District craves reference to "form" and denies any allegation of paragraph 38 inconsistent therewith.

39. In response to paragraph 39 of Plaintiff's Complaint, School District craves reference to the April 23, 2015 letter and denies any allegation of paragraph 39 inconsistent therewith.

40. In response to paragraph 40 of Plaintiff's Complaint, School District craves reference to Plaintiff's email to Dr. Swinney and denies any allegation of paragraph 40

inconsistent therewith.  By way of further response, School District lacks knowledge and information sufficient to form a belief as to the response of Dr. Swinney.

      41.     The allegations of paragraph 41 of Plaintiff's Complaint are denied.

      42.     The allegations of paragraph 42 of Plaintiff's Complaint are denied.

      43.     The allegations of paragraph 43 of Plaintiff's Complaint are denied.

      44.     The allegations of paragraph 44 of Plaintiff's Complaint are denied.

      45.     The allegations of paragraph 45 of Plaintiff's Complaint are denied.

      46.     The allegations of paragraph 46 of Plaintiff's Complaint are denied.

      47.     The allegations of paragraph 47 of Plaintiff's Complaint are denied.

      48.     In response to paragraph 48 of Plaintiff's Complaint, the foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

      49.     The allegations of paragraph 49 of Plaintiff's Complaint, including all subparts, are denied.

      50.     The allegations of paragraph 50 of Plaintiff's Complaint are denied.

      51.     The allegations of paragraph 51 of Plaintiff's Complaint are denied.

      52.     The allegations of paragraph 52 of Plaintiff's Complaint are denied.

      53.     The allegations of paragraph 53 of Plaintiff's Complaint are denied.

      54.     The allegations of paragraph 54 of Plaintiff's Complaint are denied.

      55.     The allegations of paragraph 55 of Plaintiff's Complaint are denied.

      56.     The allegations of paragraph 56 of Plaintiff's Complaint are denied.

      57.     The allegations of paragraph 57 of Plaintiff's Complaint are denied.

      58.     The allegations of paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations of paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations of paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations of paragraph 61 of Plaintiff's Complaint are denied.

62. In response to paragraph 62 of Plaintiff's Complaint, the foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

63. The allegations of paragraph 63 of Plaintiff's Complaint are denied.

64. The allegations of paragraph 64 of Plaintiff's Complaint, including the WHEREFORE clause, are denied.

### FOR A FIRST AFFIRMATIVE DEFENSE
(Rule 12(b)(6), SCRCP)

65. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

66. Plaintiff's Complaint fails to state facts sufficient to constitute a cause or causes of action against School District.

### FOR A SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

67. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

68. School District pleads the applicable Statute of Limitations as a complete defense.

### FOR A THIRD AFFIRMATIVE DEFENSE
(S.C. Tort Claims Act)

69. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

70.     School District pleads the provisions of the South Carolina Tort Claims Act, South Carolina Code § 15-78-10, et seq., including, but not limited to, §§15-78-60 and 15-78-120(b), to the extent Plaintiff seeks to recover against School District for any alleged loss, including all of the immunities, limitations, and defenses granted or preserved by the Act.

### FOR A FOURTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

71.     The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

72.     Plaintiff's claims are barred, in whole or in part, by virtue of her failure to adequately mitigate her damages as required by law.

### FOR A FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

73.     The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

74.     Plaintiff's claims are barred in that at all times mentioned in the Complaint, the actions and conduct of the Defendant was undertaken in a permissible way, in good faith, and in a reasonable belief that such actions and conducts were lawful and valid.

### FOR A SIXTH AFFIRMATIVE DEFENSE
(Failure to Meet Work Standards)

75.     The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

76.     Plaintiff failed to meet the established work standards.

## FOR A SEVENTH AFFIRMATIVE DEFENSE
(Failure to Follow Administrative Process)

77. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

78. Plaintiff's claims are barred by her failure to follow the necessary administrative process.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

79. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

80. In the event that any wrongful conduct occurred as alleged by the Plaintiff, which is denied, the Plaintiff failed to utilize any available reporting policies and procedures to report any inappropriate conduct in a timely manner.

## FOR A NINTH AFFIRMATIVE DEFENSE

81. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

82. Plaintiff's dismissal was solely as a result of Plaintiff's requested resignation.

## FOR A TENTH AFFIRMATIVE DEFENSE

83. The foregoing paragraphs of School District's Answer are incorporated herein by reference as fully as if repeated verbatim.

84. Plaintiff's Title VII claims lapsed and are therefore barred.

WHEREFORE, having fully responded to Plaintiff's Complaint, School District prays that Plaintiff's Complaint be dismissed with prejudice; that the Court award School

District reasonable attorney's fees and costs; and for such and further relief as this Court deems just and proper.

        Respectfully submitted,

        MCNAIR LAW FIRM, P.A.

        s/ *Leigh P. Boan*
        Leigh P. Boan, Fed ID #7943
        lboan@mcnair.net
        Post Office Box 1469
        11019 Ocean Highway
        Pawleys Island, South Carolina 29585
        (843) 235-4100 – Telephone
        (843) 235-4237 – Facsimile

        James K. Gilliam, Fed ID #10761
        2411 N. Oak Street, Suite 206 (29577)
        Post Office Box 336
        Myrtle Beach, SC 29578-0336
        Ph:   (843) 444-1107 - Telephone
        Fax:  (843) 443-9137 – Facsimile
        Email: jgilliam@mcnair.net

        Attorneys for Defendant School District

Pawleys Island, South Carolina
July 26, 2016